IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL HAAG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-0019-CV-W-ODS |
| ) | |
| TIMOTHY S. WEBSTER, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO REMAND

Plaintiff filed this case in state court on November 7, 2005, and all Defendants were served by November 23, 2005. Defendants filed their Notice of Removal on January 5, 2006, contending Plaintiff's claims are preempted by (and removable pursuant to) the Securities Litigation Uniform Standards Act ("SLUSA"). Following removal, Plaintiff filed a Motion to Remand and Defendants filed Motions to Dismiss. The Court grants Plaintiff's motion (Doc. # 13) and leaves Defendants' motions for consideration by the state court.

Plaintiff presents two arguments in favor of remand: (1) Plaintiff's claims are not governed by SLUSA and (2) even if they are, the Notice of Removal was untimely. The Court agrees with the latter argument, making it unnecessary (and inappropriate) to reach the first.

SLUSA provides that certain types of cases filed in state court are removable. 15 U.S.C. § 78bb(f)(2). SLUSA does not provide a time limit for removal, which leads Defendants to argue there is no time limit. The Court disagrees, concluding 28 U.S.C. § 1446 provides the applicable time limit. Section 1446 establishes procedures for removal and subsection (b) specifies time limits for properly removing a case to federal court. These provisions apply to all attempts to remove a case, regardless of their statutory basis. E.g., Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 128 (1995) (reaffirming that 28 U.S.C. § 1446(d) applies to remand orders in suits removed under any statute, not just cases removed pursuant to 28 U.S.C. § 1441); Allen v. Christenberry, 327 F.3d 1290 (11th Cir. 2003) (holding section 1446(b) applies to

removals under 42 U.S.C. § 233); Woburn Five Cents Sav. Bank v. Robert M. Hicks, Inc., 930 F.2d 965, 968 (1st Cir. 1991) (holding section 1446(b) applied to removal pursuant to the now-repealed Financial Institutions Reform, Recovery and Enforcement Act); see also McPhatter v. Sweitzer, 401 F. Supp. 2d 468, 471-72 (M.D.N.C. 2005) (applying section 1446(b)'s time limits to removal under SLUSA).

Section 1446(b) requires a Notice of Removal to be filed within thirty days after service of the initial pleading, but "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an . . . order or other paper from which it may first be ascertained that the case is one which is or has become removable." Defendants contend an order issued by the undersigned in In re American Italian Pasta Company Litigation, No 05-0725-CV-W-ODS (W.D. Mo. Dec. 19, 2005), constitutes an "order or other paper" within the statute's meaning. Typically, this reference to an order involves a change in the pending suit; for instance, an order dismissing the sole diversity-destroying defendant would start the time period for seeking removal. In appropriate circumstances, decisions from other, unrelated cases may qualify as an "order or other paper," but those circumstances require, at a minimum, a decision that *changes* the legal landscape in some manner. "The statute requires 'an amended pleading, motion, *order, or other paper*' to act as a trigger to commence the running of a new thirty-day period once the defendant receives actual notice through one of the documents described in Section 1446(b) that *a previously unremovable case has become removable.*" 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure § 3732 (2005 pocket part) (emphasis supplied). For instance, in Doe v. American Red Cross, the Red Cross removed a series of suits from state court to federal court on the ground that its charter created a basis for federal jurisdiction. The district court disagreed and remanded the cases; afterwards, in an unrelated case, the Supreme Court decided the Red Cross' charter *did* provide a basis for federal jurisdiction. The Red Cross then tried again to remove Doe, and the Third Circuit upheld the effort. 14 F.3d 196 (3d Cir. 1993); see also Young v. Chubb Group of Ins. Cos., 295 F. Supp. 2d 806, 808 (N.D. Ohio 2003) ("A decision from a court superior in the same

judicial hierarchy, directed at a particular defendant and expressly authorizing that same defendant to remove an action against it in another case involving similar facts and legal issues is sufficiently related to represent an "order" within the ambit of 28 U.S.C. § 1446(b)." (quotations from Doe omitted).

The undersigned's December 19, 2005, order does not qualify as an order under section 1446(b) for three arguably related reasons. First, it did not change the previously-understood landscape as the Supreme Court's decision did for the Red Cross in Doe. Second, the December 19 Order did not provide the basis by which Defendants could "*first* ascertain[ ] that the case is one which is or has become removable . . . ." (emphasis supplied). The December 19 Order did not add anything to Defendants' knowledge about the case or change the legal landscape. Defendants could easily have sought removal within thirty days of being served without the December 19 Order. See, e.g., Holiday v. Travelers Ins. Co., 666 F. Supp. 1286, 1289-90 (W.D. Ark. 1987) (Supreme Court decision that clarifies, rather than "creates," law does not start the time period for removal). Finally, the December 19 Order was not a decision from a higher court declaring that a case or type of case previously thought to be unremovable really was. For these reasons, the thirty day period for seeking removal did not commence on December 19, and the Notice of Removal was untimely.

The case must be remanded to state court. Of course, (and the undersigned does not doubt the state court is aware of this observation), the state court is equally obligated to abide by SLUSA's directive that certain cases appear only in federal court. This means the state court will have to address Defendants' Motions to Dismiss, and its decision will need to be reviewed by the state's appellate courts (with ultimate review possible by the Supreme Court via a Writ of Certiorari).

This case is remanded to the Circuit Court for Jackson County, Missouri, because the removal was untimely under 28 U.S.C. § 1446(b).
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: June 21, 2006                    UNITED STATES DISTRICT COURT

3